JOSEPH A. FULLERTON et al., Respondents, v. MOSES A. SCHLOSS, Appellant.

Kansas City Court of Appeals, December 7, 1903.

1. **CONTRACTS: Consideration: Release: Foreclosure: Taxes.** To secure the payment of an immatured debt the creditor promised the debtor to release him from an agreed bonus, and plaintiff made another loan to pay the debt, when the creditor refused to accept payment without the bonus. Thereupon the debtor paid the bonus, the creditor agreeing to refund the same if he secured a new loan for his money, which he did. *Held*, there was sufficient consideration for the first agreement and the release of the first was sufficient consideration for the second; and this notwithstanding the deed of trust securing the new loan might have been foreclosed by reason of the non-payment of taxes.

2. **VERDICTS: Excessive: Instructions.** The instruction in the case is approved, and the verdict held not to exceed the amount justified by the facts.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*Chas. C. Crow* for appellant.

(1) The instruction given on behalf and at the request of respondents was erroneous for the reason that said instruction did not advise the jury as alleged in respondents' petition that it was necessary to find that the second alleged agreement was made in consideration of respondents waiving their right, if any, under the first alleged agreement. Fegan v. Duval S. & G. Co., 92 Mo. App. 236. (2) Clearly respondents could not recover in this case on account of the breach of the first contract, and, under all the authorities, they can not recover on account of a breach of the second contract, for the reason that the money was paid in strict accord with the terms of the written contract and therefore there was no consideration for the making of said alleged contract to refund. (3) And especially is this true where respondent had the right to foreclose and collect five per cent attorney's fees in addition to all expense. Tucker v. Bartle, 85 Mo. 115; Willis v. Gammill, 67 Mo. 730; Brewing Co. v. Schoenlaub, 32 Mo. App. 357; Griffith v. Creighton, 63 Mo. App. 1; Price v. Cannon, 3 Mo. 453; Wetmore v. Crouch, 150 Mo. 671; Winter v. Cable Co., 73 Mo. App. 173; School Board v. Hull, 72 Mo. App. 403; Spratt v. Lawson, 75 S. W. 642.

*John George Parkinson* for respondents.

(1) If the least benefit or advantage be received by the promisee from the promisor or from a third person, or if the promisee sustained any the least injury or detriment, it will in either case constitute a sufficient consideration. Marks v. Bank, 8 Mo. 316; Lancaster v.

Elliott, 55 Mo. App. 249; Columbia Inc. L. Co. v. Mfg. Co., 64 Mo. App. 115.

ELLISON, J.—Since the verdict in this case was for plaintiff we will state the facts as the evidence in his behalf tends to show them: Plaintiff executed two notes to defendant, one for $2,500, and one for $300, secured by deed of trust on real estate owned by plaintiff. The latter note was due in one year and the former in five years. It was provided in the deed of trust that plaintiff might pay off said notes at any time before due if he would pay defendant a bonus of six months' interest at eight per cent, amounting to $112. That several years before the largest note became due defendant desired plaintiff to pay them off and asked him to secure a new loan for that purpose, and that if he would do so he (defendant) would release and forego all claim to the bonus provided for in the deed of trust. Plantiff in compliance with this request and promise to release and forego all claim to the bonus, did procure another loan; but when he came to pay defendant the latter demanded that he pay the bonus as originally agreed and provided in the deed of trust. This, respondent at first refused to do, but it was finally agreed between them that if plaintiff would pay the bonus thus demanded defendant would make an effort to reloan the principal sums then being paid to him by plaintiff (or a like amount) and if he succeeded in doing so he would then pay back to plaintiff the bonus which plaintiff paid with the principal sum. Defendant did reloan the money but refused to pay back the $112 bonus, whereupon plaintiff brought this action and recovered judgment in the trial court.

It is urged by defendant that there was no consideration to support the agreement upon which the suit was brought. We think there was. The largest note was not due. Defendant proposed to plaintiff that if he would negotiate a new loan whereby he would be en-

abled to pay off the debt, he (defendant) would release him of the bonus. It was a valuable service to defendant rendered by plaintiff when the latter negotiated a new loan for the purpose of paying him a debt not yet due. Then, when defendant came to propose to plaintiff that the latter should pay the bonus which he had agreed to release, plaintiff said he would do so if defendant would pay him back that amount if he could reloan the money. Defendant agreed to do it. It seems to us that the consideration is plain and ample. The consideration for the second contract was the release of performance of the first contract.

It seems that at the time of the agreement that plaintiff should negotiate a new loan, there was some default in the payment of taxes which, under the terms of the deed of trust, would have authorized defendant to foreclose, and the court so instructed the jury for defendant; stating therein that if therefore the payment made by plaintiff was voluntary he could not recover. But from the fact that the deed of trust could have been foreclosed for non-payment of taxes, it does not follow that it would have been. Plaintiff, at any time before that was accomplished, could have paid them and thus kept defendant from his money until it was due. Instead of exercising such right, plaintiff accepted defendant's proposition and negotiated a new loan.

There was only one instruction given for plaintiff. It clearly put the issue between the parties to the jury. It is not fairly subject to defendant's criticism.

We do not regard the suggestion that the verdict was for $12 more than justified by the facts, as well founded. The contract proven and which we have seen was supported by a consideration was for a return of the entire bonus.

An examination of all points and suggestions made by defendant fails to satisfy us that there is any error in the record, and the judgment is therefore affirmed. All concur.